# Atchison *against* M'Culloch.

It is not a pre-requisite to the admission in evidence of a regular deed from a warrantee, that the grantor should be proved to be the identical person to whom the land was granted by the commonwealth.

It is not error to admit in evidence a deposition, a part of which is illegal, upon a *general* objection to the *whole* deposition. The objection should be confined to such illegal portion.

An improvement upon vacant land will, of itself, give the person making it no right, unless it be prosecuted with reasonable diligence, and consummated by an actual personal resident settlement thereon. Nothing short of prevention by a force endangering his personal safety, or a call to defend the country in war, would seem to be admissible excuses for interruptions in such improvements and settlement.

Abandonment is not always a question of intention, exclusively for the jury, without a controlling instruction from the court. Under a certain uncontradicted state of facts, the law will pronounce the conduct of a party to be an abandonment, whatever may have been his intention.

An actual settler who designates his claim by marking lines on the ground embracing six or seven hundred acres, has no right to claim that he should be consulted by a subsequent warrantee who desires to locate his claim by a survey. If the subsequent warrantee left him four hundred acres in a reasonable form including his improvements, he can claim no more.

ERROR to the Common Pleas of *Clearfield* county.

This was an action of ejectment by David M'Culloch against George Atchison for three hundred acres of land in Chest township. The facts of the case, and points made, are fully stated in the opinion of the court, which was delivered by

KENNEDY, J.—We think there is nothing in the first error assigned. It has certainly not been the practice, when a deed is regularly proved or acknowledged in conformity to our act of assembly, purporting to convey the right of a warrantee or patentee of land, to the plaintiff in the ejectment, first to make proof before such deed can be admitted in evidence, that the grantor therein named, bearing the same name as the warrantee or patentee, was the identical person to whom it was granted by the commonwealth. This is a matter of fact which must be submitted to the decision of the jury after all the evidence on both sides shall have been given. And as regards the admission of the deposition of William George, the other matter embraced in this first error, it is evident that some part, if not the whole of it, was admissible and free from all objection: But it was objected to by the counsel of the plaintiff in error *in toto*, and, therefore, the court were right in not sustaining the objection. If any part was not properly admissible, the objection ought to have been confined to such part, for if this had been done, the adverse party might have waived the reading of the part objected to, or have assented to its being suppressed.

The second error assigned consists of an exception to the answers of the court below to the first and second points submitted by the counsel for the plaintiff in error to the court for their instruction on them to the jury. In these points the court was requested to instruct the jury, that, according to all the evidence given in the cause, the improvement commenced by William George on the land in dispute, under which the defendant in error, who was the plaintiff below, claimed, was abandoned and of no validity whatever, as against the claim of the plaintiff in error to the land under his improvement and settlement. The court, however, refused to give this instruction to the jury, and submitted the question of abandonment to them to be decided as a matter of fact. In this we think the court were clearly wrong; for, from the evidence of the defendant in error, as well as that of the plaintiff in error, the improvement, upon which the defendant in error relied, in addition to his warrant, survey, and patent, to establish his right to the land, was commenced in 1822, and was never concluded by a personal resident settlement upon it, though more than six years elapsed afterwards, before any pretence or colour of right attached to the land under the warrant. An improvement upon vacant land is nothing of itself; and can give the person making it no right whatever to the land, unless it be prosecuted with *reasonable* diligence, and consummated by an actual personal resident settlement thereon, with a manifest intention of making it a place of abode, and the means of supporting a family, and was continued from time to time,

[Atchison v. M'Culloch.]

&c. Now, although it may be proper enough in deciding the question whether or not an improvement upon land has been prosecuted with due diligence from its commencement to an actual settlement, to have reference to the ability of the party making it, and the adverse circumstances he may have had to encounter in order to effect it, yet still the law will not indulge him with an unreasonable time for this purpose. If he be unable to effect it within a reasonable time, he ought not to undertake it : and it will avail him nothing after having commenced his improvement without the ability or means of completing it, when he is compelled to quit it on such account, to say that he intends holding on to it, and to resume the work and perfect it as soon as he shall become able to do so: for, if he could, in this way, prevent the state from disposing of the land for five or six years, he and his heirs might, upon the same plea, and, perhaps, with truth too, do it for a century. Abandonment is not always a question of intention, and, therefore, a matter of fact, to be left exclusively to the jury without any controlling instruction from the court, as the court would seem to have thought it was in this case. Because when more than a reasonable time has elapsed for completing the settlement without its being done, after making a proper allowance for all delay occasioned by what the law may deem a sufficient excuse or cause for it, and the facts are not controverted, the law will pronounce the neglect or the failure of the party to perfect his settlement, an abandonment, whatever his intention in regard to it may have been. Intention will amount to nothing, in such case, without acts. The will cannot be taken for the deed ; for a settlement, in order to make it effectual, must not have the smallest cast of abandonment about it. It must be followed up " and continued from time to time," says the act of 1786, "unless interrupted by the enemy, or going into the military service of this country during the war." And although there may be other causes of interruption beside those mentioned in this act, which ought to excuse the party for a time at least, yet these causes may be considered as examples given, and tending to show in all cases that the legislature never intended that trifling excuses, comparatively, such as mere inability of the party, or its being inconvenient for him to go on without a sacrifice of his comfort or pecuniary interests, should be admitted to prevail. Nothing short of prevention by a physical force, such as may endanger the personal safety of the party, or a call upon him to defend his country, in time of war, would seem to be indicated as admissible by the terms of the act. Upon this ground it may be, that, if the party be prevented from continuing his improvement and settlement by the force or violence of one who sets up a claim subsequently to the land, he, doubtless, might be indulged until it might be convenient for him to assert his right, and to claim redress by means of the law. But, in the present case, no excuse whatever was offered, either by George or the plaintiff below, for not having prosecuted and perfected the improvements by a per-

[Atchison v. M'Culloch.]

sonal resident settlement on the land, although more than six years elapsed from the commencement of it, when the warrant would seem to have been resorted to for the purpose of securing a title to the land without going further with the improvement. Under such an exposure of the facts established by evidence given on the part of the plaintiff below himself, and corroborated by that of the other party, the court below would clearly have been justified in charging the jury as requested by the counsel of the plaintiff in error. But still, notwithstanding this would have been the proper direction for the court to have given the jury, we think the defendant in error was entitled to recover upon his office title alone; and that the judgment in his favour ought not, therefore, to be reversed. If the plaintiff in error failed to show that he or some other person had a right to the land in question, at the time the defendant in error obtained his patent from the state for it, then it was unappropriated, and, beyond all question, he thereby acquired a right to it. Now, although it is abundantly clear that the plaintiff in error had made such an improvement and settlement, before the defendant in error obtained his patent or survey under the warrant, as entitled him to a pre-emption right to four hundred acres, yet the question presents itself, did he show on the trial of the cause that he had the right under it to include the land in dispute ? For it was indubitably incumbent upon him to have shown this positively; and unless he did, the defendant was entitled to recover under his patent right. Then what did the plaintiff show in this respect ? It was proved very distinctly, and without the least contradiction by his own witnesses, that in 1824 he designated the boundaries of his claim under his settlement, by marking lines on the ground which took in from six to seven hundred acres; being from two to three hundred acres more than he could thus acquire any right to. It does not appear that he had made any calculation in order to ascertain the quantity so designated, with precision; but still, according to the testimony of John Byers, one of his own witnesses, who assisted him in running and marking the lines, he must have been conscious that he was taking in and claiming much more land under his settlement than he had a right to. For Byers testified that in making the survey, Atchison commenced on the river, better than a mile below his house or improvement, and that he allowed to take in the land half a mile above, thus extending his claim from a mile and a half, and more, to two miles. This was certainly nothing short of an attempt, on his part, to defraud the state, by endeavouring to make every body believe that he had an available claim to the whole of the land so marked out, and thus to prevent every one from buying any portion of it from the state. Under these circumstances he was entitled to no favour and had no right to claim that he should be consulted by a subsequent warrantee before the latter should undertake to locate his warrant by a survey. If such warrantee left him his full complement of four hundred acres, including

all his improvements, in a reasonable form and figure, it is the most that he can claim.   But if he did not, it will lie with the settler to show it distinctly.   Here, however, it cannot be pretended that such proof was made by the plaintiff in error.   And for aught that appears from the evidence, he has all that he has any right to claim under his settlement, exclusive of the land embraced within the patent of the defendant in error, and recovered by the judgment of the court below.

These observations show also that the matters embraced in the third and last error assigned, would not have prejudiced the plaintiff in error with the jury, and that he has no ground for complaint on account of the charge of the court relative to them.

Judgment affirmed.

*Wallace* and *Potter*, for plaintiff in error.
*Burnside* and *Miles*, for defendant in error.